McCormick Harvesting Machine Company v. J. A. Cummins.

FILED DECEMBER 6, 1899. No. 9,056.

1. Summons: DEFENDANTS IN DIFFERENT COUNTIES. After service of summons, in a personal action in the county where commenced, upon a party who by the pleading filed is a real defendant, summons may properly be issued to any other county of the state for service upon other defendants.

2. ——: ——: SHERIFFS AND CONSTABLES. The summons issued by a county court for service upon a defendant of a county other than the one in which the action is commenced is correctly directed to the sheriff or any constable of the county.

3. ——: ——: NAMES OF PARTIES. The summons so issued is not void because the names of all defendants in the action do not appear therein.

4. Statute of Limitations: WAIVER OF PLEA. The defense of the bar of the statute of limitations, if not presented by a plea, is waived. *Hobson v. Cummins*, 57 Nebr., 611, followed.

ERROR from the district court of Red Willow county. Tried below before NORRIS, J. *Reversed.*

*Ricketts & Wilson,* for plaintiff in error.

*George C. Gillan* and *W. S. Morlan, contra.*

HARRISON, C. J.

In this action, instituted in the county court of Red Willow county September 3, 1894, judgment was demanded for plaintiff, now plaintiff in error, for the amount alleged to be due upon a negotiable promissory note in the principal sum of $60. The suit is against the payor, or maker of the note, and one "Tom Hayden," who had indorsed it. The latter was served with process in the county in which the action was commenced, and the former in Dawson county. There was no appearance for the defendants, and judgment on default was rendered against them October 10, 1894. October 7, 1895, the cause was removed to the district court of Red Willow county by an error proceeding on behalf of J. A. Cummins, and, on hearing, the judgment was reversed. The case is presented by plaintiff for review in this court of the judgment of reversal of the adjudication of the county court. The questions raised by the petition in error, and upon which no doubt the deci ion of the district court was predicated, were of the power of the county court of Red Willow county to issue a summons for service upon Cummins in Dawson county, of the authority of the said county court to direct the summons to the "sheriff or any constable of Dawson county"; also, that the summons sent to Dawson county was fatally defective, in that it did not contain the names of all the parties defendants in the action. It is now urged, in addition to the foregoing, that the bill of particulars did not state a cause of action. In an action brought by J. A. Cummins in the district court of Dawson county against Henry Hobson, as sheriff of

said county, an injunction was sought against the enforcement of the collection, by levy of an execution issued thereupon of a judgment rendered in the county court of Red Willow county. Doubtless the same judgment involved in the present litigation, and the contention of defendant in error, were, in the proceeding in error in that case from the decree of the district court, urged, considered and adjudicated (*Hobson v. Cummins*, 57 Nebr., 611); and it was settled that there was disclosed by the pleading filed in the county court that Hayden, who had indorsed the note, was a proper party to, and liable in, the suit; that, after service upon him, a summons was properly issued to Dawson county for service upon Cummins, directed to the sheriff or any constable of Dawson county, and it was not void because it did not contain the names of all the defendants to the action; and the defense of the bar of limitations, not raised by answer or plea, was waived. We were then, and now are, satisfied of the correctness of that decision; and it is governable of the disposition of the matters for consideration and settlement herein. It follows that the judgment of the district court must be reversed, and that of the county court affirmed.

JUDGMENT ACCORDINGLY.