## PHŒNIX HARDWARE CO. v. PARAGON PAINT & HARDWARE CORPORATION.

### No. 132.

District Court, E. D. New York.
April 18, 1939.

Harry Yarm, of New York City (Lester B. Lipkind, of New York City, on the brief), for plaintiff.

Soffer & Rediker, of New York City (Gabriel Rubino, of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

This case comes before the Court on the following motions:

Those made on behalf of plaintiff for an order as follows:

1. Striking out defendant's answer herein and granting summary judgment to the plaintiff pursuant to Rule 56 of the United States Rules of Civil Procedure, 28 U.S.C. A. following section 723c.

2. Granting judgment on the pleadings to the plaintiff herein pursuant to Rule 12 of the United States Rules of Civil Procedure.

3. Striking out defendant's answer herein as being sham and frivolous pursuant to Rule 12 of the United States Rules of Civil Procedure.

4. Striking out paragraphs "Second", "Third", "Fourth", "Sixth", "Seventh", "Eighth", "Ninth", "Tenth", "Eleventh", "Twelth", and "Fourteenth", "Fifteenth" to "Twenty-Third" inclusive, of the answer,

on the ground that the same are frivolous pursuant to Rule 12 of the United States Rules of Civil Procedure.

5. Striking out paragraphs "Sixteenth", "Seventeenth", "Eighteenth", "Nineteenth", "Twentieth", "Twenty-First", "Twenty-Second" and "Twenty-Third" on the ground that the same do not state sufficient facts to constitute defenses pursuant to Rule 12 of the United States Rules of Civil Procedure.

6. Extending plaintiff's time to move with reference to striking out the aforementioned denials as sham and frivolous, pursuant to Rule 12 of the United States Rules of Civil Procedure up to the return date of this motion.

7. And for such other and further relief as to this court may seem just and proper.

Those on behalf of defendant for an order as follows:

1. Granting leave to the defendant to amend its answer by setting forth the following additional affirmative defenses.

"As an eighth, separate and distinct defense to the plaintiff's cause of action, defendant alleges:

"Twenty-Fourth; That the complaint fails to state a claim upon which relief can be granted, in that no allegations contained therein of the performances or occurrences of conditions precedent, or of the readiness willingness or ability of the plaintiff to perform the said contract on its part, or that the plaintiff made any tender of performance or that the performance or tender of performance on its part had been in any manner excused.

"As a ninth, separate and distinct defense to the plaintiff's cause of action, defendant alleges:

"Twenty-Fifth; That on or about the 16th day of October 1934, the plaintiff brought an action in the Chancery Court of New Jersey, for breach by the defendant of the same contract alleged in the complaint herein; that in said prior action, it was adjudicated that the plaintiff was entitled to recover of the defendant, the sum of $1,-575.38; that said sum was duly paid by the defendant to the plaintiff; that the alleged breaches of the said contract by the defendant set forth in paragraphs Tenth and Eleventh of the complaint herein was also alleged in the bill of complaint in the said former action; that the damages, if any, resulting from the said alleged breaches, if they were not included in the recovery ob-

tained by the plaintiff in the said former action, were at any rate obtainable by the plaintiff in the said former action and had already accrued when that action was commenced; that the recovery obtained by the plaintiff in the said former action is a bar to the maintenance of the present action.

"As a tenth, separate and distinct defense to the plaintiff's cause of action, defendant alleges:

"Twenty-Sixth; Realleges and reiterates each of the allegations contained in paragraph Twenty-Fifth as though herein set forth in full.

"Twenty-Seventh; That on or about the 1st day of March 1936, a decree in plaintiff's favor was filed in the said former action, and that thereafter, the plaintiff voluntarily abandoned said contract and any and all performance on its part thereunder, and thereafter neglected, failed and refused to perform the same or to render any services thereunder."

"2. Dismissing the complaint upon the ground that it fails to state a claim upon which relief can be granted pursuant to Rule 12 of the United States Rules of Civil Procedure.

"3. Granting judgment on the pleadings pursuant to Rule 12 (c) of the United States Rules of Civil Procedure.

"4. Granting summary judgment to the defendant pursuant to Rule 56 of the Rules of Civil Procedure.

"5. And for such other and further relief as to the Court may seem just and proper."

■ The defendant, by its denial of the allegations in paragraphs 8 to 11 of the complaint, both inclusive, and in paragraphs 22 to 26 of the complaint, both inclusive, has raised an issue and therefore the plaintiff is not entitled to an order striking out the defendant's answer herein, granting summary judgment, or granting judgment on the pleadings, or striking out defendant's answer here as sham and frivolous.

■ Of course, the parties to this suit, being the same parties as in the Chancery suit in New Jersey, are bound by the Judgment in that suit, but the plaintiff, by the allegations of some of the paragraphs of its complaint in this case having placed its construction upon the proceedings had in the Chancery action in New Jersey, it was permissible for the defendant to deny the plaintiff's construction, and also to deny an incomplete statement of those proceedings.

Some of the separate defenses alleged by defendant are objectionable as having been determined adversely to defendant in the former trial towit: Second Separate and Distinct defense paragraphs 17 and 18; Third Separate and Distinct defense paragraph 19; Fourth Separate and Distinct defense paragraph 20; and these are striken out. The remaining Separate and Distinct defenses depend upon the construction of the findings in the Chancery suit in New Jersey, and should be left to the determination of the Court, on the trial.

Plaintiff's motion to strike out the Second Separate and Distinct defense paragraphs 17 and 18; Third Separate and Distinct defense paragraph 19; Fourth Separate and Distinct defense paragraph 20, is granted, but, each and all of the plaintiff's other motions are denied.

The plaintiff has pleaded a right to recovery which appears to be good, as a pleading, as to what has transpired since March 1st, 1936, and that being so, I cannot dismiss it and grant judgment on the pleadings, or summary judgment to the defendant, nor does it seem necessary to determine whether plaintiff can recover for anything which transpired before March 1, 1936, as that will be determined on the trial.

Those motions of the defendant are denied.

The motions of the defendant for leave to amend its answer, by pleading three additional separate and distinct defenses, are granted, on condition that said amended answer be filed and served within ten days after the filing of the order to be entered hereon.

Settle orders on notice.