## REISER v. McKEE GLASS CO.
### No. 82.

District Court, W. D. Pennsylvania.
March 1, 1940.

Christy & Wharton, of Pittsburgh, Pa., and Robb & Robb, of Cleveland, Ohio, for plaintiff.

William B. ⌐aspert, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

Plaintiff has moved for a summary judgment under Rule No. 56.

In his complaint he charges defendant with the breach of a license agreement to use plaintiff's Patent No. D 91,542, for a "Shell Less Egg Boiler", and demands damages therefor. He also alleges infringement of the patent and asks injunctive relief and an accounting; also infringement of his trade-mark notation "Shell Less" upon egg boilers, with demand for injunction and accounting; also infringement of plaintiff's design patent, Application No. 62,238, for a "Design for a combined egg cup and cover therefor", with use of the trade-name "Shell Less", with prayer for injunction and accounting.

The defendant has answered, denying breach of the license agreement and infringement of plaintiff's patent and his design application. It has also denied any right of plaintiff in the trade-name "Shell Less".

Upon hearing of the motion for summary judgment the attention of the court was called to certain admissions of fact filed under Rule 36, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, and to models of plaintiff's constructions, as well as the egg boilers being manufactured by defendant. The plaintiff claims that the admissions and models, so produced, establish the charges of his complaint, and call for present judgment in his favor.

The defendant asserts that the egg boiler manufactured by it at the present time is not an infringement of plaintiff's Patent No. D 91,542. It contends that plaintiff's patent is not entitled to the breadth of construction claimed for it, as prior patents cover certain of such features. It also denies that plaintiff was the inventor of the design set out in his design application.

■ Judgment under Rule 56 should be rendered in favor of plaintiff only when it is apparent to the court that no actual issue of fact exists. This being so, we feel that judgment cannot properly be given in favor of the plaintiff at this time, as issues of fact do exist in respect to the scope of plaintiff's patent which call for more extended study than the court could give upon the admissions and models offered at the hearing. The motion for summary judgment will be denied.