### BAKER v. HOEY, Collector of Internal Revenue.

District Court, S. D. New York.
May 3, 1940.

Atwater & Clarke, of New York City (Charles W. Atwater, of New York City, of counsel), for plaintiff.

John T. Cahill, U. S. Atty., of New York City (Clarence W. Roberts, Asst. U. S. Atty., of New York City, of counsel), for defendant.

GODDARD, District Judge.

This is a motion for summary judgment made by defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The action is brought to recover $3,565.-35 with interest, an alleged over-assessment on the estate of Charlotte M. Baker, who died May 29, 1935. Plaintiff paid the tax under protest on July 5, 1938. Stephen D. Baker, the plaintiff, was the husband of the decedent, and is the executor of her estate and is the sole legatee under her will. Three items of the decedent's will are in controversy; they are—

A–The value of 940 shares of stock of the Fairfacts Company, Inc.;

B–Whether Stephen D. Baker is indebted to the estate for $6,000, or any amount;

C–The value of parcels of real estate situated in Key West, Fla.

(I) The Fairfacts Company, Inc., had a capital stock of 2,050 shares—all of one class, 940 of which were owned by decedent and the remaining 1110 were owned by her husband, the plaintiff. No shares of the company had ever been sold on the market, and the Commissioner fixed their value for estate tax purposes at $72.70 per share as of May 29, 1935, the date of decedent's death, and valued decedent's 940 shares at a total of $68,338. The plaintiff contends the value to have been $48.116 per share, a total of $45,229.04 for the 940 shares.

Stephen D. Baker, the plaintiff, as President of the Fairfacts Company, Inc., filed income and excess profit tax returns for that company for 1934 and 1935 respectively, showing that the company had operated at a loss in each of these years. But in the return for 1934 the book assets of the company were stated to be $235,997.37 and for 1935 as $208,944.81. These figures indicate a value of $116.58 in 1934 and $101.92 in 1935.

The net book value of the assets of the corporation as shown by its capital stock returns, and upon which it paid its capital stock tax, was $257,092.02 for 1934, and $243,997.37 for 1935, indicating a value per share in 1934 of $125.41 and $119.02 in 1935.

The plaintiff contended before the Commissioner and alleges in his complaint that the value of the shares as reflected in its books, balance sheets, income tax returns, and capital tax returns, was not their true value because the corporation carried its assets at too high a value and that the true value of the corporation's net assets as of the date of decedent's death was not more than $98,638.13 and its stock not more than $48.116 a share.

■ Obviously the Commissioner's valuation was not based solely upon the net worth of the company reflected by its income and excess profit tax and its capital stock returns, and it may well be that he determined the value of the stock by taking into account (a) decedent's fractional share of the net worth of the corporation; (b) the expenses of the liquidation of the assets; (c) the earning power and dividend-paying capacity of the stock. Cf. Weber v. Rasquin, 2 Cir., 101 F.2d 62. The valuation indicated in the company's income and excess profit tax, and in the capital stock returns, are not alone conclusive in this proceeding as to the actual net worth of the corporation. Haggar Co. v. Commissioner, 5 Cir., 104 F.2d 24.

(II) The plaintiff, Stephen D. Baker, denies that his wife's estate includes a debt against him for $6,000 and contended before the Commissioner of Internal Revenue and alleges in his complaint that this $6,000 was a contribution and not a loan to him.

(III) Plaintiff denies in his complaint that the real estate in Florida had a value of $2,500—the valuation placed upon it by the Commissioner and alleges that the property had no value; that four years prior to decedent's death she had abandoned it and that she had paid no taxes on it during that period. He made a similar claim when he sought a refund from the Commissioner.

■ The findings of the Commissioner as to the value and other facts are presumptively correct and the burden of overcoming them rests on the taxpayer suing to recover alleged excessive tax payments. United States v. Anderson, 269 U.S. 422, 423, 46 S.Ct. 131, 70 L.Ed. 347; Weicker v. Howbert, Collector, etc., 10 Cir., 103 F. 2d 105. However, the plaintiff, in his complaint and affidavit, has raised issues respecting the three items mentioned above. They are issues of fact and he is entitled to have a trial and present his evidence.

Motion for summary judgment is denied.

Settle order on notice.