304

## MERCHANTS DISTILLING CORPORA-
## TION v. AMERICAN BEVERAGE
## CORPORATION.
### No. 111.

District Court, D. Delaware.
May 25, 1940.

John F. Moore, of Washington, D. C., and James R. Morford, (of Marvel & Morford), of Wilmington, Del., for plaintiff.

Aaron Finger, (of Richards, Layton & Finger), of Wilmington, Del., for defendant.

NIELDS, District Judge.

Motion for summary judgment.

Merchants Distilling Corporation (hereinafter referred to as "Merchants Company"), an Indiana corporation having its principal place of business at Terre Haute, Indiana, filed its complaint against American Beverage Corporation (hereinafter referred to as "Beverage Company"), a Delaware corporation having its principal place of business at Brooklyn, New York.

Plaintiff's Summary of Facts.

For five years next preceding April, 1939, C. H. Graves & Sons Co. (hereinafter referred to as "Graves Company"), a Massachusetts corporation with its principal place of business in Boston, Massachusetts, had been engaged in manufacturing, rectifying and distributing alcoholic beverages. In April, 1939, Graves Company, being insolvent, had ceased to operate. All of the outstanding capital stock of Graves Company was owned by C. H. Graves & Sons Distillers, Inc. (hereinafter referred to as "Distillers, Inc."), a Delaware corporation, whose business was that of a holding company. The substantial assets of Distillers, Inc., were its stock in Graves Company.

In April, 1939, Beverage Company, owning more than 50% of the voting stock of Distillers, Inc., entered into negotiations with Merchants Company relative to an arrangement whereby Merchants Company would operate and manage Graves Company through officers and directors selected by Merchants Company in an endeavor to revive the business of Graves Company and to restore it to a condition of financial stability.

As part of said contemplated arrangement it was proposed that a conditional sales agreement be made between Merchants Company and Beverage Company whereby the former should acquire ownership of the latter's controlling stock interest in Distillers, Inc., by installment payments from proceeds of sales of alcoholic beverages by Merchants Company to Graves Company over a period of five years. These negotiations culminated on June 26, 1939, in the execution of an agreement (hereinafter referred to as the "June Agreement") whereby it was stipulated that 81,419 shares of common stock of Distillers, Inc. (subject to the order of the Superior Court of Massachusetts respecting 21,302 shares thereof), was to be deposited in escrow in the Schroeder Trust Company of New York City. Merchants Company agreed conditionally to purchase such stock in installment lots over a period of five years for the total sum of $158,000. The June agreement is not in issue. It was later merged into a subsequent agreement which is here sought to be rescinded.

To resume business it was necessary for the Graves Company to procure permits from the Administrator of the Federal Alcohol Administration and applications

were submitted for such permits. However, the Administrator refused to issue the necessary permits while legal title to the controlling stock interest in Distillers, Inc., remained in Beverage Company.

Thereafter representatives of Merchants Company and Beverage Company met with representatives of the Federal Alcohol Administration to find a basis for the future management and control of Graves Company satisfactory to the Administrator. This was done. On September 7, 1939, a contract was duly executed whereby Beverage Company agreed to sell and transfer to Merchants Company 81,419 shares of the common stock of Distillers, Inc., and the buyer agreed to purchase the stock and pay therefor the sum of $158,000 as follows:

"(a) On or before the 10th day of each month an amount equal to Three Per Cent (3%) of the Gross sales by Merchants Company to Graves Company collected by Merchants Company from Graves Company for sales made during the preceding month, said gross sales to include all sales of Kinsey whiskeys to the Graves Company, as provided for and hereinafter referred to in paragraph IX of this agreement.

"(b) In the event that the Merchants Company shall have continued to make the payments herein provided for a period of eighteen months from the date of issuance of permit to Graves Company, then and in that event, it is understood and agreed that in the event that the Three Per Cent (3%) monthly payments herein provided for shall not equal the sum of One Hundred Fifty-eight Thousand ($158,000) Dollars upon the expiration of four years and eleven months from the date hereof, then for the last month of said period, the payment to be made by the Merchants Company hereunder shall be the difference between the total of the three percent (3%) monthly payments theretofore made and the sum of One Hundred Fifty-eight Thousand ($158,000) Dollars."

Thereupon a rectifier's basic permit was issued to Graves Company.

October 13, 1939, thirty-seven days after the contract was executed, an involuntary petition in bankruptcy was filed in the District Court of the United States for the District of Massachusetts against Graves Company. October 25, 1939, Graves Company was adjudicated a bankrupt and all its tangible assets were sold by the trustees thereof.

The complaint prays inter alia:

"3. That upon the delivery of the aforesaid certificate representing sixty thousand one hundred seventeen (60,117) shares of stock of Distillers, Inc. to the defendant, the aforesaid September agreement between the plaintiff and the defendant with respect to the sale of said stock and the operating control and management of the said Graves Company be rescinded, cancelled, set aside, and held for naught.

"4. That in the event the Court, after hearing of this cause shall decline to grant the relief prayed in prayer No. 3, then as alternative relief, the Court, pursuant to the provisions of the Federal Declaratory Judgments Act, should adjudge, and decree that the plaintiff has incurred no liability to the defendant under the terms of the aforesaid September agreement, and that the plaintiff has duly terminated said agreement in accordance with the terms thereof without incurring any liability thereunder."

### Issues of Fact Framed by the Pleadings and Supporting Affidavits.

In paragraph 11 of the complaint it is alleged that the preparation of the agreement of September 7, 1939, was entrusted to Emanuel G. Kleid, counsel for defendant; that Kleid prepared the document and submitted copies to plaintiff and defendant; that in submitting a copy of the agreement to W. C. Dunn, plaintiff's president, Kleid represented that it contained provisions which gave to plaintiff the right to terminate the contract at any time within eighteen months and in so terminating the contract plaintiff would incur no obligation beyond its obligation to pay monthly installments then due and owing. That Dunn being a layman with no legal training and confiding in Kleid relied upon Kleid's representations with respect to the provisions of the contract and believed that Kleid had included in the contract provisions giving the plaintiff the absolute right to terminate the contract and to discontinue the operation of the Graves Company at any time within eighteen months without incurring any liability beyond its obligation to complete monthly payments then due. That relying upon such representations, Dunn executed said contract of September 7, 1939, on behalf of plaintiff and defendant delivered to plaintiff a stock

certificate representing 60,117 shares of Distillers, Inc.

In its answer defendant alleges that the agreement of September 7, 1939, correctly sets forth the terms of agreement between the parties; that the agreement was examined by officers of plaintiff and their attorneys; that defendant "specifically denies that any statement or representation was made by Kleid that said September agreement differed in any respect from what was in fact provided for in said agreement." In his affidavit Kleid states there were two or three drafts which culminated in the contract of September 7, 1939; that there were extended discussions before the final draft was executed; that there were discussions concerning provisions giving to plaintiff the right to cancel the contract at any time within eighteen months under certain conditions; the conditions were not agreed to and the contract as finally executed made no provision for such cancellation. That subsequent to the delivery of the contract of September 7, 1939, John F. Moore representing plaintiff endeavored to arrange with Kleid for a modification of the contract under which the plaintiff would have the right to terminate the contract at any time within eighteen months from its date. Moore submitted a draft of the proposed agreement of modification. On behalf of defendant Kleid was unwilling that defendant should enter into such modification. Two or three weeks later plaintiff abandoned the Graves Company offices and refused to perform the contract.

Without unduly prolonging this opinion by further citations of other issues of fact, it is sufficient to rest upon the issue of fact above quoted. That issue respects a most material fact. It is whether plaintiff was induced to enter into the contract of September 7, 1939, by a false representation that it contained a clause providing for rescission of the contract. That issue can only be determined by the testimony of witnesses upon final hearing.

A note interpreting Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, states: "Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact". Here there is a genuine issue as to a material fact. Summary judgment must be denied.

An order may be submitted.