## CHAS. FISCHER SPRING CO. v. MOTION PICTURE SCREEN & ACCESSORIES CO., Inc., et al.

District Court, S. D. New York.

Oct. 7, 1940.

Leon Finkelstein, of New York City, for plaintiff.

Irving Frederick Goodfriend, of New York City, for defendant Herman A. Fisch.

MANDELBAUM, District Judge.

I am asked to grant summary judgment to the defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in this patent case.

It has been decided in patent cases that where it definitely appears that there is no infringement, the courts have determined the issues on affidavits and dismissed the bill. Weil et al. v. N. J. Richman Co., D.C., May 28th, 1940, 34 F.Supp. 401, opinion by Judge Conger. It is, however, equally true that motions for summary judgment have generally been denied in patent cases based solely on affidavits. Oltarsh et al. v. Goodyear Fabrics Corp., D.C., 30 F.Supp. 265.

The facts in the instant case are peculiar. The sole basis for the defendant's motion is the adjudication of a contempt issue against the defendant, Fisch, in a prior action between the parties, arising out of the same patent as the one now in suit. There, a Special Master found that the defendant's device did not embrace the plaintiff's patent and hence there was no violation of the consent decree entered into between the plaintiff and Fisch. The court confirmed the findings of the Special Master.

The present action is one for infringement and the defendant claims that the device which it is charged is infringing the plaintiff's patent is the same in all material respects as the one which the court in the previous action had adjudged as outside the scope of the plaintiff's patent. The plaintiff denies this and says that there are differences between the defendant's device used as an exhibit (Exhibit 6) during the contempt proceeding and the device which is the subject of this suit.

I have compared the exhibits and am not prepared to render an opinion with respect to their similarity or dissimilarity. I think that such issue requires a trial for no matter how similar they may appear, it is possible that the slightest change may constitute invention. To decide this upon affidavits might result in an injustice. I am, however, not expressing any belief or opinion as to the ultimate outcome of this suit.

The second branch of the defendant's motion must also fail for lack of proof. There is no evidence, written or otherwise, which indicates that the plaintiff has made statements to the public and trade that the defendant, Fisch, is infringing on the plaintiff's patent. In the absence of such proof, the court is not inclined to take any action.

The motion is denied.