## CARL BYOIR & ASSOCIATES, Inc., v. TSUNE–CHI–YU.

District Court, S. D. New York.

Jan. 23, 1941.

Katz & Sommerich, of New York City (Maxwell C. Katz and Henry I. Fillman, both of New York City, of counsel), for plaintiff.

Nordlinger, Riegelman & Cooper, of New York City (Harold Riegelman and H. H. Nordlinger, both of New York City, of counsel), for defendant.

CONGER, District Judge.

Defendant moves herein for summary judgment dismissing the complaint pursuant to Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

It has been previously held that the complaint herein states a prima facie case of a trust relationship. Carl Byoir & Associates, Inc., v. Tsune-Chi-Yu, 2 Cir., 112 F.2d 885. The facts are there set out.

Defendant contends that an examination of the pleadings, the bill of particulars, the affidavits and the exhibits clearly shows that there is, in this case, no genuine issue as to any material fact.

In the bill of particulars heretofore served, plaintiff avers that "* * * in the early part of October, 1938, Dr. C. T. Wang, the then Ambassador from the Republic of China, at a meeting at the Ambassador Hotel, orally informed Carl Byoir, on behalf of the plaintiff, that the defendant, Dr. Tsune-Chi-Yu, Consul General of the Republic of China in New York, who was there present, was in the possession of $22,000, which had been remitted to him in trust for plaintiff as part of the unpaid balance due it, and that this money would be promptly paid to plaintiff. At that time the defendant, Dr. Tsune-Chi-Yu, agreed to remit promptly to plaintiff said sum."

Defendant in his affidavit in support of this motion states: "At no time have I ever received any sums of money in trust to pay the same over to the plaintiff. * * * There has never been any conversation in my presence in which Dr. C. T. Wang, Mr. Byoir or anyone else stated that the sum of $22,000 or any other sum had ever been in my possession in trust for the plaintiff in this action."

This raises an issue as to the existence of the alleged trust, and as to the veracity of the parties hereto, which cannot be disposed of on a motion for summary judgment. Defendant, however, relies on a letter written by plaintiff to Dr. Hu Shih, successor to Dr. Wang, as Chinese Ambassador to the United States, in which plaintiff, in part, stated: "* * It has occurred to me that my original letter to you might have been unfair to Dr. Yu in that it might seem that it charged him with misapplication of $22,000 of the fund provided by your government for the payment of our bills. I think it only fair to Dr. Yu, in case that letter has been forwarded to your government, to point out to them that my letter made no such charge, but simply the statement, which is entirely true, that your predecessor, Dr. Wang, in the effort to explain the failure to pay us this particular $22,000, had stated to me, and it is his statement—not mine, that the reason he did not have the $22,-000 which he had promised to pay and

which had been provided by your government for this specific purpose, was that Dr. Yu had misapplied these funds, using them for the purchase of motion pictures. Dr. Yu stated, I of course believe truthfully, that in all these matters he was simply carrying out the instructions of the Ambassador and to use his own words, acting in the capacity of a 'messenger.' I am prepared to believe, and do believe, that Dr. Yu was telling the exact truth in this matter but do, however, realize that the acceptance of Dr. Yu's statement leaves me the only unhappy alternative that the then Ambassador of the Republic of China was deliberately lying about the whole matter in order to excuse the breaking of a specific promise to pay this money."

This letter in no way specifically repudiates the alleged trust, nor does it release the parties, if there were a trust, and in any event, its effect on the alleged trust is an issue of fact.

In my opinion there is raised a genuine issue of fact which this court cannot weigh, but must leave for the trial. It may be that after the parties have conducted examinations and have taken depositions, if any, the truth of the conflicting statements may be clear and ascertainable, but from the papers before me there is a genuine issue of fact regarding the establishment of the trust.

Motion denied. Settle order on notice.