DAIRY ENGINEERING CORPORATION, LIMITED, et al. v. DE–RAEF CORPORATION et al.

No. 549.

District Court, W. D. Missouri, W. D.

March 17, 1941.

Arthur C. Brown, of Kansas·City, Mo., and Roy C. Hackley, Jr., and Jack E. Hursh, both of San Francisco, Cal., for plaintiff.

Thos. E. Scofield, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The defendants seek a summary judgment or decree upon the ground that upon the pleadings, depositions, exhibits and affidavits heretofore submitted there is neither a factual nor legal question to be determined.

Plaintiff holds a patent covering a method or process for the preparation of frozen food products as well as the product itself. The defendant owns a process patent covering the method or process of preparing an agent for use in the confection of frozen comestibles.

Apparently the agent, material or elements covered by the defendants' patented process is useful when introduced into and employed in the confection of ice cream or frozen comestibles. It is the contention of the plaintiffs that the defendants have employed their patented agent in such way as to contribute to an infringement of plaintiffs' process patent and the product as well.

By affidavits there is a strong denial by the defendants that they have manufactured or sold frozen comestibles of the kind produced through the process of plaintiffs' patent. Defendants say, therefore, that they are entitled to a summary judgment in their favor.

A careful inspection of all the affidavits shows evidence that the defendants not only sold their patented agent or material to manufacturers of frozen comestibles, but that they accompanied such sales with instructions and contributed actual aid in the introduction of such agent into the manufacturing process of ice cream, and that by such acts the process protected to the plaintiffs by their monopoly was employed.

1. As well stated in Port of Palm Beach Dist. v. Goethals, 5 Cir., 104 F.2d 706, 709: "Summary judgment under Rule 56 [28 U. S.C.A. following section 723c] in a case at law where a jury has been demanded ought not to be given unless it is quite clear what the truth is."

An examination of the authorities shows that this principle is not limited to law cases. A summary judgment should never be given until the facts are clear and undisputed. If there is a controversy on a factual question, judgment should be withheld until proof has been made.

It may be that subsidiary issues could be determined upon such a motion. The rule contemplates this. That would be no more, however, than the elimination of issues as at a pretrial conference.

In this case there is an issue of fact. The plaintiffs assert on the one side and the defendants deny on the other.

2. If plaintiffs be correct, then there is an issue of contributory infringement. The Supreme Court in the case of Henry et al. v. A. B. Dick Company, 224 U.S. 1, loc. cit. 31, 32 S.Ct. 364, loc. cit.

373, 56 L.Ed. 645, Ann.Cas.1913D, 880, said: "Any one will be as free to make, sell, and use like articles as they would be without this restriction, save in one particular,—namely, they may not be sold to a user of one of the patentee's machines with intent that they shall be used in violation of the license."

Again, page 33 of 224 U.S., page 373 of 32 S.Ct., the court quoted with approval the definition of contributory infringement appearing in Thomson-Houston Co. v. Kelsey Co., C.C., 72 F. 1016: "'Contributory infringement * * * has been well defined as the intentional aiding of one person by another in the unlawful making, or selling, or using of the patented invention.'"

The Eighth Circuit Court of Appeals, in New York Scaffolding Co. v. Whitney, 224 F. 452, loc. cit. 459, said: "Contributory infringement is the intentional aiding of one person by another in the unlawful making, or selling, or using of a third person's patented invention."

While one of the Judges dissented, it was not upon this question.

In view of the above, the motion for summary judgment should be overruled.