**UNITED STATES v. NEWBURY MFG. CO. et al.**

No. 763.

District Court, D. Massachusetts.

May 22, 1941.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass, for plaintiff.

Mark M. Horblit, of Boston, Mass., for defendants Robert P. Cable and another.

Harry Bergson, of Boston, Mass., for defendant Newbury Mfg. Co.

BREWSTER, District Judge.

In this action, motions to dismiss were allowed as to the individual defendants. A motion to dismiss as to the corporate defendant was denied in an opinion holding that, upon the allegations of the complaint, the plaintiff would be entitled to recover for breach of contract. United States v. Newbury Manufacturing Company et al., D.C., 36 F.Supp. 602.

The defendant has answered and now moves for a summary judgment in its favor. Affidavits of an officer and agent of the defendant are offered in support of the motion.

The complaint sets out a sale on October 29, 1932, of surplus garments to the defendant subject to an agreement that the defendant would dispose of the goods for export to foreign countries and would not offer the same for sale for use in, nor be permitted to reach, the local market within the continental limits of the United States.

Plaintiff alleges a breach of this agreement by sales to the Belmont Knitwear Company and by sales to other purchasers within the continental limits of the United States before and after July 5, 1934.

The defendant in its answer denies that it sold large quantities of said property within the United States in breach of said contract. It admits the sales but says that the sales were made pursuant to a supplemental contract of July 11, 1933, whereby the defendant was authorized to sell the merchandise in the United States during the period July 5, 1933, to July 4, 1934. It expressly denies making any sales after July 5, 1934.

■ The pleadings, therefore, raise the question whether sales were made by defendant in breach of the contract as modified. This is an issue as to material facts. The defendant contends that issue is not genuine when considered in the light of the affidavits. These affidavits disclose the following: The terms of the agreement of October 29, 1932, obligated the defendant to take and pay for the merchandise within nine months. It had not been successful in selling in foreign markets, and it represented to the War Department that if it was not modified it proposed to default on the contract to purchase and to forfeit the deposit of $15,000 made to secure performance. Defendant further represented that, if allowed to sell in the United States, it could arrange with New York factors to finance the purchase and thus be in a position to take and pay for the goods which it had agreed to buy. Thereupon the contract was modified, as above noted. Arrangements were then made with New York factors to advance the purchase price. The title to the merchandise was passed to the factors. Sales were made by agents of the defendant from time to time up to June 14, 1934. Deliveries after July 4, 1934, are admitted, but in the affidavits it is stated that on that date all garments not sold to Belmont Knitwear Company, then in the possession of the factor, were put aside to fill orders from customers who desired later deliveries. Again, in the affidavits, sales after July 4, 1934, in breach of the contract, are denied. This denial of allegations of the complaint raises an issue of fact. Carl Byoir & Associates, Inc. v. Tsune-Chi-Yu, D.C., 36 F.Supp. 963.

■ The plaintiff has filed an affidavit by the Assistant United States Attorney which, in substance, recites that the plaintiff proposes to prove at the trial that the sale to the Belmont Knitwear Company and those sales made after July 4, 1934, were in violation of the terms of the contract. I agree that this affidavit does not meet the requirements of Rule 56(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Person v. United States, 8 Cir., 112 F.2d 1.

Nevertheless, it may aid the court in ascertaining whether a substantial controversy exists. See Rule 56(d). It will also serve to negative any idea that the plaintiff admits the facts of defendant's affidavits. It has appeared in argument that plaintiff will also attack, as unauthorized and without consideration, the supplemental agreement.

Enough has been shown to satisfy me that there are genuine issues of fact that can only be determined after a trial. They are all open to the plaintiff. Lip Lure, Inc. v. Bloomingdale Bros., Inc., D.C., 30 F. Supp. 388.

■ The affidavits of defendant consist largely of statements of what the affiants would testify to at a trial. The plaintiff has filed no counter affidavits by any prospective witness. This omission, however, does not entitle the defendant to a summary judgment if there is an issue of material fact to be tried. Kent v. Hanlin, D.C., 35 F.Supp. 836; Whitaker v. Coleman, 5 Cir., 115 F.2d 305; Merchants Distilling Corp. v. American Beverage Corp., D.C., 33 F. Supp. 304.

■ The rule does not compel a party to try his case on affidavits with no opportunity to cross-examine affiants. Nickelson v. Nestles Milk Products Corp., Inc., 5 Cir., 107 F.2d 17.

■ The motion for summary judgment should be granted only where all the facts entitling the movant to the judgment are admitted or clearly established. Fleming v. Phipps, D. C., 35 F.Supp. 627. See, also, Ottinger v. General Motors Corp., D.C., 27 F.Supp. 508; Waverly, Sayre & Athens Transportation Co. v. General Motors Truck Co., 3 Cir., 36 F.Supp. 285.

Defendant's motion for summary judgment is denied.