**CHEMICAL FOUNDATION, Inc., v. UNIVERSAL–CYCLOPS STEEL CORPORATION.**

Civ. A. No. 125.

District Court, W. D. Pennsylvania.

April 2, 1942.

284

See, also, 1 F.R.D. 533.

Kunkle, Walthour & Trescher, of Greensburg, Pa., for plaintiff.

Stebbins & Blenko and William H. Webb, all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action to recover certain royalties under a patent license agreement dated February 15, 1927, which plaintiff alleges are due and have not been paid by the defendant. Defendant, in its answer, admitted that some of the royalty claimed by the plaintiff was due, and by stipulation filed June 13, 1941, it was agreed that the same had been paid. Defendant denied liability as to the remainder of the royalty claimed by the plaintiff and also alleged three counterclaims. Plaintiff filed a reply to defendant's answer, wherein it denied the counterclaims. The action is now before us on plaintiff's motion, under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a summary judgment for the relief demanded in the complaint, and for dismissal of the counterclaims. In support of the motion, plaintiff submitted the pleadings, the admissions contained in the answers of the defendant to the interrogatories of the plaintiff, the stipulations of the parties and depositions and affidavits.

Rule 56 provides that either party may move for a summary judgment with or without supporting affidavits, and further that: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The rule, by its terms, does not make it mandatory upon either party to file affidavits.

In Merchants Indemnity Corporation of New York v. Peterson, 3 Cir., 113 F.2d 4, 6, the court stated in its opinion, that under Rule 56 a summary judgment may not be entered "if there be an issue presented as to the existence of any material fact."

In Reiser v. McKee Glass Co., D.C., 1 F.R.D. 170, this court, in an opinion by Judge Gibson, based upon an action for breach of a license agreement and for patent and trademark infringement, stated: "Judgment under Rule 56 should be rendered in favor of plaintiff only when it is apparent to the court that no actual issue of fact exists. This being so, we feel that judgment cannot properly be given in favor of the plaintiff at this time, as issues of fact do exist in respect to the scope of plaintiff's patent which call for more extended study than the court could give upon the admissions and models offered at the hearing. The motion for summary judgment will be denied."

In Kent v. Hanlin, D.C.E.D.Pa., 35 F. Supp. 836, 837, Judge Bard dismissed a motion for summary judgment, and in his opinion stated: "However, a summary judgment should not be entered if the pleadings raise any genuine issue of fact material to the dispute between the parties. In other words, such a judgment is improper unless a trial would be a useless form. Saunders v. Higgins, D.C., 29 F.Supp. 326. Therefore, if an answer raises a material issue of fact, there is an insurmountable obstacle in the way of a summary judgment, no matter how a motion for the same may be bolstered by affidavits."

In United States v. Newbury Mfg. Co., D.C.Mass., 1 F.R.D. 718, 719, Judge Brewster stated: "The rule does not compel a party to try his case on affidavits with no opportunity to cross-examine affiants. Nickelson v. Nestles Milk Products Corp., Inc., 5 Cir., 107 F.2d 17."

Rule 56 was intended to grant relief by way of summary judgment where the facts appear certain from the pleadings, depositions, admissions and affidavits. It was not the intention that a summary judgment should be entered where the facts are uncertain and require evidence to make the same clear. It was not the intention of Rule 56 that a case should be tried by affidavits as a substitute for trial in the usual way in open court, where the right of cross-examination exists.

Five claims are set forth in plaintiff's complaint. The first claim is averred in paragraph VII, wherein the plaintiff claimed royalty under the royalty agreement between September 24, 1936 and May 4, 1937, at the rate of $13.50 per ton, amounting to $25,864.97. Defendant, in its answer, de-

nied the allegations of paragraph VII of the complaint, and alleged facts which would require an interpretation of the two patents included in the royalty agreement. It also alleged estoppel.

Plaintiff, in its second claim (paragraph VIII of the complaint), alleged that between July 1, 1934 and September 23, 1936, defendant, under its license, made and sold 634,404 pounds of stainless steel ingots, and failed to report and pay for said production. Defendant, in its answer, denied the allegations of paragraph VIII, and averred facts which would require an interpretation of the two patents covered by the license agreement.

The third claim of the plaintiff (paragraph IX of the complaint) is not denied and the same has been paid.

Plaintiff, in its fourth claim (paragraph X of the complaint), averred that defendant had an inventory of 914,114 pounds of stainless steel products on which a royalty was due plaintiff under the agreement. That defendant had failed to pay the balance due at the rate of $13.50 per ton. Defendant, in its answer, denied the allegations of paragraph X of the complaint. It alleged facts, which, if true, would make the royalty rate one per cent. of the selling price, instead of $13.50 per ton. It also alleged accord and satisfaction.

Plaintiff, in its fifth claim (paragraph XI of the complaint), alleged that defendant, prior to June 30, 1934, under the license agreement, sold stainless steel products covered by the agreement, in the net amount of not less than $975,000, and that defendant failed both to report and to pay for said production. Defendant, in its answer, denied the allegations in paragraph XI of the complaint. Defendant further alleges that the royalty due on this claim, $3,047.20, has been tendered and paid.

Defendant, in its answer, set up two counterclaims, designated as (A) and (B), in which it alleged it paid royalty inadvertently for a product which was not within the license agreement. Plaintiff, in its reply, denied the allegations contained in these two counterclaims.

Defendant, in its counterclaim (C), alleged that between July 1, 1934 and September 23, 1936, it paid royalty to the plaintiff at the rate of $13.50 per ton on steel for internal combustion engine valves. It further avers that plaintiff reduced the royalty on said steel for such purpose without defendant's knowledge, to certain companies

in violation of the license agreement. It further alleged that it was entitled to recover the difference between the amount which it paid to the plaintiff and the price charged by the plaintiff to the companies mentioned. Plaintiff denied all the allegations of this counterclaim except Paragraph 6 of the license agreement.

The pleadings, depositions, admissions and affidavits leave uncertain what the facts are as to the above contested claims of the plaintiff and of the defendant. The pleadings and affidavits raise issues of fact. They are genuine issues as to the material facts relating to said claims. I am, therefore, of the opinion that the motion for summary judgment should be refused and that the facts should be developed by evidence taken before a special master, or by the court.