## KISSICK CONST. CO. v. FIRST NAT. BANK OF WAHOO.

### No. 75.

District Court, D. Nebraska,
Lincoln Division.

Aug. 8, 1942.

Perry, Van Pelt & Marti and J. P. O'Gara, both of Lincoln, Neb., for plaintiff.

Good & Simons, of Lincoln, Neb., and B. E. Hendricks, of Wahoo, Neb., for defendant.

DELEHANT, District Judge.

Motion for summary judgment, Rule 56, Federal Rules of Procedure in civil cases, 28 U.S.C.A. following section 723c.

Jurisdiction, if well grounded, rests on diversity of citizenship, coupled with the existence of a controversy involving the statutory amount. 28 U.S.C.A. § 41 (1) (b).

The amended complaint, hereinafter referred to as the complaint, sets out eight alleged causes of action. Under each cause of action the plaintiff claims, as against the defendant, the equal one-half of the proceeds of a warrant of the State of Nebraska, issued in favor of Central Bridge & Construction Company and the plaintiff, delivered by the state to Central Bridge & Construction Company, and by it deposited in the defendant's bank to the credit of Central Bridge & Construction Company, and thereafter through banking channels, presented to and paid by the state. The plaintiff claims. in each instance to have been the owner, and entitled to one-half of the proceeds of the warrant and that its rights were violated by the acceptance of the warrant without valid endorsement by or in behalf of the plaintiff. In each of the first four causes of action it is alleged that the draft was wholly unendorsed in the name of the plaintiff; and in the remaining four causes of action, it is claimed that an endorsement in the name of the plaintiff was made by one having no authority in that behalf.

After filing its answer, the defendant filed its motion for summary judgment, (a), as to the second cause of action, because recovery under it is barred by the statute of limitations; (b), as to the complaint as a whole because with the second cause of action eliminated the amount in controversy is less than $3,000.00; and (c), as to the complaint as a whole because there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. These specifications will be considered separately and very briefly.

(a) The bar of the Statute of Limitations in respect of the second cause of action is not manifest upon the face of the petition but is made to appear by two undisputed affidavits in support of the motion, wherefrom it appears, that, at the very latest the warrant there involved was fully and finally paid by the issuing state, and any alleged conversion completed on September 19, 1936. No charge of fraud, deceit or concealment is directed at the defendant which might operate to defer the commencement of the period of limita-

tions, and the defendant's alleged tardy discovery of the conversion is immaterial. Therefore, an action founded upon the conversion of that warrant filed on or after September 20, 1940, would be vulnerable to the plea of the statute whether the period be determined by Section 20-207 or by Section 20-212 C.S.Neb. It ought to be added that, without expressly conceding the defendant's contention respecting the statute, the plaintiff has not resisted it either in oral argument or in written briefs. Therefore, as to the second cause of action of the complaint, the action having been filed on September 26, 1940, the defendant's motion for summary judgment will be sustained, and judgment of dismissal entered thereon, with exception to the plaintiff.

■ (b). But the court can not follow the defendant on the next step to which it is invited; for it considers that its jurisdiction remains unimpaired by the present dismissal of the second cause of action of the complaint, although the aggregate amount recoverable under the remaining seven causes of action is slightly less than $3,000.00.

■ In cases where jurisdiction is derived from diversity of citizenship coupled with a controversy involving a statutory minimum amount, it is the sum actually claimed in good faith by the plaintiff when he files his complaint which determines the jurisdiction of the court and the fact that the plaintiff may not succeed in recovering all that he seeks in good faith will not affect the jurisdiction of the court. Upton v. McLaughlin, 105 U.S. 640, 26 L.Ed. 1197; Schunk v. Moline, etc., Co., 147 U.S. 500, 13 S.Ct. 416, 37 L.Ed. 255; Smithers v. Smith, 204 U.S. 632, 27 S.Ct. 297, 51 L. Ed. 656; Hardin v. Cass County, C.C., 42 F. 652; Washington County v. Williams, 8 Cir., 111 F. 801; Board of County Commissioners v. Vandriss, 8 Cir., 115 F. 866; Service Finance Corporation v. Coppard, 5 Cir., 116 F.2d 488. Citations in great number might be added, but there seems to be no dissent upon the suggested point.

■ It is true that where, through bad faith elements or causes of action are introduced for the manifest purpose of inflating a claim to a point above the jurisdictional minimum, jurisdiction will be denied. Bank of Arapahoe v. David Bradley & Co., 8 Cir., 72 F. 867. "By good faith is meant that the sum demanded in the pleading is the real matter put in dispute, and not so clearly fictitious as to make it legally certain that the amount alleged was merely to confer jurisdiction because clearly beyond reasonable expectation of recovery." Miller Crenshaw Co. v. Colorado Mill & Elevator Co., 8 Cir., 84 F.2d 930, 932.

■■ Both as a general legal rule and as a matter of local Nebraska law, the statute of limitations does not operate by its own force as a bar but operates rather as a defense to be pleaded by the party relying upon it. 37 C.J. 1213, Tit. Limitations of Actions, § 718 et seq., Scroggin v. National Lumber Co., 41 Neb. 195, 59 N. W. 548; Bell v. Rice, 50 Neb. 547, 70 N.W. 25; Hobson v. Cummins, 57 Neb. 611, 78 N.W. 295; McCormick Harvester Mach. Co. v. Cummins, 59 Neb. 330, 80 N.W. 1049; Dufrene v. Anderson, 67 Neb. 136, 93 N.W. 139; Hadley v. Corey, 137 Neb. 204, 288 N.W. 826. It is a personal defense and will be held and taken to have been waived unless it be raised by demurrer or by answer. See Nebraska cases last cited. Thus it is said in Hardin v. Cass County, supra [42 F. 657]: "Although the petition may have shown on its face that the causes of action stated in the first and third counts were barred by the statute of limitations, yet, unless the defendant had seen fit to interpose the bar by appropriate plea, the plaintiff would have proceeded to judgment thereon. The plea of the statute is personal to the defendant. It might, as debtors often do, have waived the privilege. A creditor is not required to anticipate, in every case, such defense, and on the bare expectation of the plea refrain from suing. After a successful defense to one or more causes of action counted on in the petition, the jurisdiction of the court is not ousted to prevent it from proceeding to judgment for the amount found on trial to be due and owing to the plaintiff, forsooth it may be less than $2,000."

Here, the available bar of the statute of limitations, not appearing on the face of the petition, is by the defendant made to appear by a credible, persuasive and undisputed showing by the defendant in support of its motion.

The court, therefore, has no manner of doubt respecting the attachment and persistence of its jurisdiction; and will accordingly overrule the motion for summary judgment for want of jurisdiction consequent upon the elimination of the plaintiff's

second cause of action. Exceptions allowed the defendant.

(c) Finally, the defendant, within the permission of Rule 56(b) seeks a summary judgment as against the plaintiff's claim in its entirety, upon the ground that there is no genuine issue as to any material fact, Rule 56(c), and the defendant is entitled to judgment as a matter of law. Its point is not that the plaintiff's claim is insufficient, standing alone, to sustain a judgment; but rather that, in the light of a deposition of the plaintiff's president taken adversely by the defendant, certain material allegations of the complaint, necessary to the maintenance of the plaintiff's claim, are disclosed to be conclusions, unfounded in fact and actually and positively disproved.

An examination of Rule 56 and its several sections, and of the decisions delivered in the course of its application leads to the conclusion that a summary judgment should not be granted unless the facts are clear and undisputed; and that if a controversy remains upon any question of fact, judgment should abide a trial of the action upon its merits. Phoenix Hardware Co. v. Paragon P. & H. Corp., D.C., 1 F.R.D. 116; Reiser v. McKee Glass Co., D.C., 1 F.R.D. 170; Shultz v. Manufacturers & Traders Trust Co., D.C., 1 F.R.D. 451; Dairy Engineering Corp. v. DeRaef Corp., D.C., 1 F.R.D. 679; Marks Music Corp. v. Stasny Music Corp., D.C., 1 F.R.D. 720, 721; Irving Trust Co. v. McKeever, D.C., 2 F.R.D. 1; Chemical Foundation v. Universal Cyclops Steel Corp., D.C., 2 F.R.D. 283; American Ins. Co. v. Gentile Bros. Co., 5 Cir., 109 F.2d 732; Merchants Indemnity Corp. v. Peterson, 3 Cir., 113 F.2d 4; Merchants Distilling Corp. v. American Beverage Corp., D.C., 33 F.Supp. 304; Baker v. Hoey, D.C., 33 F.Supp. 799; Chas. Fischer Spring Co. v. Motion Picture S. & A. Co., D.C., 36 F.Supp. 227; Carl Byoir & Associates v. Tsune-Chi-Yu, D.C., 36 F.Supp. 963.

Allowing, for the sake of study, to Rule 26 (d) (2) the fullest possible effect in the light of the phrase "for any purpose", and treating the deposition as evidence of a nature equivalent to the affidavits contemplated in Rule 56, (though the court expressly abstains from any decision that Rule 26 (d) (2) is to be so construed and applied), the court is still unable to conclude that no factual issue remains in the case. On the contrary, the court believes that differences exist between the parties in fact as well as in law.

Therefore, the third section of the motion will be overruled, with exceptions allowed to the defendant.

The court considers that since this case is yet to be tried upon its merits there should presently be no greater particularity in the statement of the factors that lead to the conclusion just announced. Such particularity would involve an analysis of the probative value of, and the deductions to be drawn from, the deposition in relation to the issues on the complaint and answer. Those elements may be modified or altogether eliminated upon the full presentation of the case. And it would appear that their discussion here might well involve no little delicacy and the possible approval of inferences that might later develop to be quite unsupported.