## UNION NAT. BANK OF YOUNGSTOWN, OHIO, v. SUPERIOR STEEL CORPORATION.

### Civ. A. No. 5812.

United States District Court
W. D. Pennsylvania.

Feb. 15, 1949.

See also 9 F.R.D. 117.

Howard F. Burns and Baker, Hostetler & Patterson, all of Cleveland, Ohio, Clarence B. Zewadski and Whittemore, Hulbert & Belknap, all of Detroit, Mich., and William H. Webb and Webb, Mackey & Burden, all of Pittsburgh, Pa., for plaintiff.

Robbin B. Wolf, Louis Vaira, Elder W. Marshall, Robert J. Dodds and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., and Charles H. Walker, and Clarence D. Kerr, Robert B. Whittredge, William F. Moss, III and Fish, Richardson & Neave, all of New York City, for defendant.

On Petition to Intervene.

Jo. Bailey Brown, of Pittsburgh, Pa., for petitioner United Engineering & Foundry Co.

O'CONNELL, Circuit Judge.

This matter comes before the Court on motion of defendant for summary judgment.

On June 20, 1946, plaintiff filed the instant complaint alleging infringement by defendant of two patents held by plaintiff, numbers 1,744,016, and 1,779,195. On January 3, 1949, plaintiff moved to dismiss its own complaint. Two days thereafter, defendant filed the motion for summary judgment here under consideration.

Defendant asserts in its motion for summary judgment that both patents are invalid under the doctrine enunciated in Muncie Gear Works v. Outboard Marine & Mfg. Co. 1942, 315 U.S. 759, 62 S.Ct. and that patent 1,779,195 is further invalid because of the illegal nature of the disclaimer filed in connection with it. In reply, plaintiff does not challenge the principle of the Muncie Gear decision, but alleges that the decision is here inapplicable, in that many of the averments of the motion for summary judgment essential to the invoking of the Muncie Gear rule are without support in the record before this Court and are contrary to fact. Plaintiff also avers that the motion is not timely, and that the additional contentions which defendant here presses concerning patent 1,-779,195 have been rejected in three court decisions.[1]

■■■ As was set forth in Sarnoff v. Ciaglia, 3 Cir., 1947, 165 F.2d 167, summary judgment pursuant to Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. may

---

[1] Plaintiff cites Cold Metal Process Co. v. United Engineering & Foundry Co., D.C.W.D.Pa.1933, 3 F.Supp. 120, appeal dismissed, 3 Cir., 1934, 68 F.2d 564, certiorari denied 1934, 291 U.S. 675, 54 S.Ct. 530, 78 L.Ed. 1064; Cold Metal Process · Co. v. Carnegie-Illinois Steel Corp., 3 Cir., 1939, 108 F.2d 322, certiorari denied 1940, 309 U.S. 665, 60 S.Ct. 590, 84 L.Ed. 1012, rehearing denied 1940, 309 U.S. 697, 60 S.Ct. 709, 84 L.Ed. 1037; and E. W. Bliss Co. v. Cold Metal Process Co., D.C.N.D.Ohio 1942, 47 F.Supp. 897.

be granted only when there exists no genuine issue of material fact.[2] It would be bootless to review in detail the allegations of defendant and the position of plaintiff thereto. Suffice it to say that, besides being the type of dispute which hardly lends itself to disposition by summary judgment, see Reiser v. McKee Glass Co., D.C.W.D. Pa.1940, 1 F.R.D. 170, particularly since the patents have now expired and public interest in determination of the validity of the patents is consequently a minor factor, the case at bar is one which presents numerous material factual differences between the parties which can be resolved only after extensive hearing. Moreover, the motion of defendant is well-nigh untenable in view of the facts that the Court of Appeals for this circuit did find both patents here involved to be valid, the Supreme Court of the United States twice denying certiorari of that decision,[3] that this Court rejected a similar contention in finding patent 1,779,-195 to be valid,[4] and that another district court overruled a motion for summary judgment very like that at bar and concerning patent 1,779,195.[5] I am satisfied that the motion for summary judgment must be denied.

## UNION NAT. BANK OF YOUNGSTOWN, OHIO, v. SUPERIOR STEEL CORPORATION.

### Civ. A. No. 5812.

United States District Court
W. D. Pennsylvania.

Feb. 15, 1949.

---

[2] Westinghouse Traction Brake Co. v. Christensen, 3 Cir., 1917, 243 F. 901, which defendant has here urged strongly, is in full accord with this precept.

[3] Cold Metal Process Co. v. Carnegie-Illinois Steel Corp., cited f. n. 1, supra. The opinion of the Court of Appeals was later withdrawn and the bills of complaint dismissed as moot. 3 Cir., 1940, 115 F.2d 33.

[4] Cold Metal Process Co. v. United Engineering & Foundry Co., cited f. n. 1, supra.

[5] E. W. Bliss Co. v. Cold Metal Process Co., cited f. n. 1, supra. The learned district judge thought it would be "al-

See also 9 F.R.D. 117.

Howard F. Burns and Baker, Hostetler & Patterson, all of Cleveland, Ohio, Clarence B. Zewadski and Whittemore, Hulbert & Belknap, all of Detroit, Mich., and William H. Webb and Webb, Mackey & Burden, all of Pittsburgh, Pa., for plaintiff.

Robbin B. Wolf, Louis Vaira, Elder W. Marshall, Robert J. Dodds and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., and Charles H. Walker, Clarence D. Kerr, Robert B. Whittredge, William F. Moss, III, Fish, Richardson & Neave, all of New York City, for defendant.

Jo. Bailey Brown, of Pittsburgh, Pa., for petitioner United Engineering & Foundry Co.

---

most presumptuous" for him to attempt to declare the patent invalid at that stage of the proceedings.