## BOWDLE v. AUTOMOBILE INS. CO. OF HARTFORD.

### Civ. A. No. 1312.

United States District Court
D. Delaware.
June 8, 1951.

James R. Morford, William H. Bennethum, Morford, Bennethum, Marvel & Cooch, of Wilmington, Del., and Max Terry, of Dover, Del., for plaintiff.

Rodney M. Layton, Richards, Layton & Finger, of Wilmington, Del., and J. Welles Henderson, Rawle & Henderson, of Philadelphia, Pa., for defendant.

RODNEY, District Judge.

This case is before the court upon plaintiff's motion for summary judgment. The complaint sets forth four causes of action. The fourth cause of action seeks a refor-

mation of the policy of insurance upon which the action is brought. The reformation of the instrument which is thus sought affects principally the "lay-up warranty" clause of the policy, which clause is also and particularly pertinent to the second and third causes of action. However, at the hearing on the motion, plaintiff's counsel conceded that there is genuine issue of material fact as to the fourth cause of action, and in effect withdrew the motion as to that cause of action.

In outline, the basic facts alleged under the three remaining causes of action are that the plaintiff was the owner of the cruiser yacht Ivirna, which he used solely for pleasure purposes; that on May 24, 1949, the defendant insurance company issued to the plaintiff a marine insurance policy covering The Ivirna, for the period from May 24, 1949, to May 24, 1950; that on May 28, 1949, while The Ivirna was under way on the St. Jones River, at Dover, Delaware, she struck a submerged object, which dislodged the rudder post packing, causing the vessel to leak and subsequently to sink in shallow water; and that the damage so caused was a peril of the sea insured against by the defendant. It is further alleged that at a later date, namely November 6, 1949, after The Ivirna had been refloated and repaired, she was destroyed by fire, while in Mahon's Creek, Kent County, Delaware, and that this loss was also a peril insured against by the defendant, but that the defendant has denied liability and has refused to pay the amounts claimed by the plaintiff.

The first of these two occurrences, namely, the sinking in the St. Jones River, is the subject matter of the first cause of action, and the second, the loss by fire, is the subject matter of the second and third causes of action.

## I. The First Cause of Action

■ The motion for summary judgment is based upon the pleadings, certain interrogatories and answers thereto, and an extensive affidavit of the plaintiff. The latter document, as well as some of the answers to interrogatories, spell out more fully the allegations of the complaint, and state with particularity the circumstances surrounding the sinking of the vessel. No counter-affidavit was filed by the defendant, but such omission does not necessarily entitle the moving party to summary judgment.[1]

The principal denial of the facts as alleged or sworn to by the plaintiff is contained in the defendant's answer. In summary, the answer avers that the defendant is without knowledge or information sufficient to form a belief as to the truth of the plaintiff's averments under the first cause of action, except that it is admitted that the yacht sank. The defendant further avers in its answer that the sinking was the result of lack of proper and careful maintenance of the yacht and not of a peril of the sea.

The fundamental question is whether there is thus presented a genuine issue of material fact which would preclude the awarding of a summary judgment.

■ There is no general rule for determining whether a genuine issue of material fact exists in a particular case and each case must depend upon its own circumstances.

■ The purpose of the summary judgment procedure is to enable the court to dispose of a case expeditiously where there is no genuine issue as to the facts. Many courts have expressed the thought that a summary judgment will be granted where the "facts are not disputed."

Other courts, like Fleming v. Phipps, D.C., 35 F.Supp. 627, have expressed the question of the existence of a genuine issue thus: "A motion for summary judgment should be granted only where all the facts entitling movant to judgment requested are admitted or clearly established.".

In the present case the fact of the cause of the sinking of the yacht is not directly denied or disputed. This is allegedly due to the lack of knowledge of this defend-

1. Albert Dickinson Co. v. Mellos Peanut Co., 7 Cir., 179 F.2d 265; Griffith v. William Penn Broadcasting Co., D.C., 4 F.R.D. 475.

ant. On the other hand, such fact as alleged by the plaintiff is not at all admitted by the defendant and, in my judgment, such fact has not, to this point, been so clearly established as to remove the question from the realm of "genuine issue."

■ The true rule, as I apprehend it to be, is that a summary judgment may only be granted where the facts appear certain from the pleadings, depositions, admissions and affidavits.[2]

■ In the present case the facts do not have that degree of certainty implicit in the operation of the rule. The plaintiff had his yacht in a stream too narrow for its turning under its own power. While warping the yacht around in this narrow stream some shock was felt but its effect unnoticed. That evening, while unattended, the yacht filled and sank. After being pumped out it is alleged that it was noticed that the rudder post packing was dislodged and through this the water came. A submerged sewer pipe was subsequently discovered at or near the spot where the impact was noticed and in a position to have caused the damage. On these facts the plaintiff relies. The defendant does not admit the certainty of the facts and states that it is without knowledge or information sufficient to form a belief as to the truth of the averments. Defendant specifically averred that the sinking was the result of lack of proper and careful maintenance of the yacht.

I am of the opinion that this does not present such a case as to make a summary judgment a proper procedure as to the first cause of action. It is not such a case where the facts are so in agreement that a party entitled to determination by a jury may be deprived of that selection.

Second and Third Causes of Action

■ I have concluded also that there are fact issues in the second and third causes of action which likewise preclude the granting of the plaintiff's motion with respect to them. Furthermore, it would appear that in the case of the latter two

causes of action, the issues tendered by them may be rendered largely, if not entirely, moot if the plaintiff is successful in obtaining the alternative relief sought under the fourth cause of action. Under the circumstances, the summary determination of the matters presented by the second and third causes of action would seem to be inappropriate.

An order accordingly may be submitted.

---

2. Chemical Foundation, Inc. v. Universal-Cyclops Steel Corp., D.C., 2 F.R.D. 283, and Dairy Engineering Corp. v. De-Raef Corp., D.C., 1 F.R.D. 679.