## GRIFFITH v. WILLIAM PENN BROADCASTING CO.

### Civil Action No. 3929.

District Court, E. D. Pennsylvania.

Aug. 23, 1945.

476

David F. Maxwell, of Edmonds, Obermayer & Rebmann, all of Philadelphia, Pa., for plaintiff.

... ris L. Forer, of Wolf, Block, ..horr & Solis-Cohen, all of Philadelphia, Pa., for defendant.

BARD, District Judge.

This matter arises on plaintiff's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The complaint sets forth causes of action in three counts. Plaintiff alleges that he is an independent radio station representative; that in September 1941, and on various occasions thereafter until December 1942, he obtained written orders from the Tom Westwood Advertising Agency, acting for the account of the Hebrew Evangelization Society, Inc., for the purchase of radio advertising time on defendant's radio station; that defendant accepted these orders; that plaintiff acted as defendant's representative; that plaintiff thereby became entitled to fifteen per cent. of the net amount paid after deduction of the advertising agency's commission; that, until February 21, 1943, plaintiff collected the sums due defendant from the Tom Westwood Advertising Agency, deducted his commission, and remitted the balance; that early in 1943 defendant entered into a contract directly with Westwood for the purchase of radio time for the client at $350 per week beginning February 22, 1943.

The first count of the complaint alleges that it is the custom of the radio business that the station representative is entitled to receive his commission from all broadcasts of an account which he introduced to the station regardless of expiration dates, cancellations, or changes in the time or character of the broadcasts; and that plaintiff accordingly is entitled to a commission on this program under the contract of February 1943.

The second count avers that defendant obtained additional orders from the Tom Westwood Advertising Agency for the account of the Society since December 1942 and petitions for an accounting and judgment for the commission on the net consideration received by defendant.

The third count alleges a fraudulent conspiracy between defendant and Westwood to deprive plaintiff of commissions on the Society account; that, pursuant to this conspiracy, defendant cancelled all existing contracts with the Society in January 1943 and thereafter entered into a contract di-

rectly with Westwood for the account of the Society for radio time beginning February 22, 1943. Plaintiff claims the commissions allegedly due him under this contract which have been denied to him because of defendant's fraudulent conspiracy with Westwood.

Defendant's answer denied that plaintiff acted as defendant's representative but, on the contrary, that he was an independent broker. It further denied the alleged custom of the trade that a station representative introducing the account is entitled to receive his commission regardless of expiration dates, cancellations or changes in the time and character of the broadcast. Defendant denied any additional orders from Westwood after the contract of February 1943. The answer, in addition, denied the conspiracy to deprive plaintiff of his commission and that the cancellation of the Society contract in January 1943 and the execution of a new contract thereafter was in pursuance of the alleged conspiracy, but that the cancellation was, in fact, effected by Westwood for reasons of its own.

Plaintiff invoked the summary procedure of Rule 56 and filed in support thereof the deposition of defendant's general manager.

■ Rule 56(c) of the Federal Rules of Civil procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Even though an issue of fact may be formally raised in the pleadings, the court may dispose of the case where the pleadings, affidavits and depositions show these issues to be feigned or colorable. Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209; Engl v. Ætna Life Ins. Co., 2 Cir., 139 F.2d 469. The court must look beyond the pleadings and determine whether there is a genuine issue of fact to be tried. Tobelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016. If the parties are unable to establish the existance of substantial competent evidence to support the allegations or denials thereby indicating a genuine issue of fact, the court may summarily determine the litigation on the law, Whitaker v. Coleman, 5 Cir., 115 F.2d 305, but the presence of a real and material issue of fact precludes further consideration of the matter under this Rule. Pen-Kan Gas & Oil Corporation v. Warfield Natural Gas Co., 6th Cir., 137 F.2d 871. It is not sufficient that the court may not credit the evidence to be offered or that the weight of the evidence is clearly in favor of one party. Under such circumstances the parties are entitled to a trial by jury to determine the facts. Whitaker v. Coleman, supra.

■ The denials in the answer present issues of fact in every count of the Complaint. In the first count defendant denied that plaintiff represented the defendant radio station, and averred that plaintiff was an independent broker. In addition, defendant denied that it is the custom of the radio industry to pay commission on all future contracts made with the advertiser to the station representative who first introduced the client to the radio station. In the second count, defendant denied that any additional contracts were executed subsequent to the contract of February 1943 by defendant and Westwood or the Society. In the third count, defendant denied all the factual elements of a fraudulent conspiracy between defendant and Westwood to deprive plaintiff of his commissions.

A close examination of the deposition offered by plaintiff reveals nothing to indicate that any of these fact issues are not genuine. The deposition traces, in detail, the business relations of plaintiff and defendant. Defendant's general manager testified that plaintiff represented the Tom Westwood Advertising Agency and not the defendant. He denied that it was the custom of the radio industry to pay commissions on future contracts not negotiated and consummated through the agent; that defendant had executed contracts with the client or Westwood subsequent to the contract of February 1943; that any fraudulent conspiracy existed between defendant and Westwood.

■■ Defendant's failure to file a counter-affidavit to support its opposition to the motions is of no significance. United States v. Newbury Mfg. Co., D.C.Mass., 1 F.R.D. 718. The burden rests upon plaintiff, the moving party, to establish the nonexistence of a genuine issue of fact. Walling v. Fairmount Creamery Co., 8 Cir., 139 F.2d 318. In the absence of a showing in the pleadings and deposition that, in the event the case should go to trial, there

would be no competent evidence to support findings of fact in defendant's favor, plaintiff has not met his burden. Beidler & Bookmyer, Inc., v. Universal Ins. Co., 2 Cir., 134 F.2d 828.

Accordingly, the motion for summary judgment is denied.