**CURTIS PUB. CO. v. UNION LEADER CORP.**

Civ. No. 934.

United States District Court,
D. New Hampshire.

Jan. 29, 1952.

Orr & Reno, Concord, N. H., for plaintiff.

Upton, Sanders & Upton, Concord, N. H., for defendant.

CONNOR, District Judge.

This action came on to be heard upon plaintiff's motion for summary judgment, under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. It is the contention of the plaintiff that on the supporting affidavits and pleadings no triable issue is presented, and that summary judgment should be ordered.

The complaint of eight counts, containing one hundred eleven allegations, alleges infringement of a copyright owned by the plaintiff of a certain edition of The Saturday Evening Post, Volume 223, No. 29, dated January 13, 1951, a magazine published by the plaintiff. This issue includes, among other matters, an alleged original literary composition, written by Robert L. Sharpe and Bill Currie, entitled "God Saved My Life in Korea."

The defendant answered each allegation of the complaint, and, by way of affirmative defense, alleged that: "It was induced, led and actuated by the plaintiff, its agents and servants, to copy and reprint said literary composition entitled 'God Saved My Life in Korea'" from the plaintiff's periodical.

Whatever merit there may be to the plaintiff's contentions, I am of the view that the affirmative defense set up in paragraph 112 of defendant's answer raises a genuine issue of fact. It cannot be said that the allegation upon its face is not material, and, if proven, would not constitute a valid defense. "A material or genuine issue of fact is raised when the facts alleged, if proven, are such as to constitute a legal defense." Keehn v. Brady Transfer & Storage Co., 7 Cir., 159 F.2d 383, 385, 170 A.L.R. 999. The burden is upon the plaintiff, the moving party, to establish the nonexistence of a genuine issue of fact. Griffith v. William Penn Broadcasting Co., D.C., 4 F.R.D. 475, 477. In no respect has the plaintiff attempted to "pierce the allegation of fact" set up in the affirmative defense of the defendant. Although the plaintiff was not bound to file a responsive pleading to meet the defendant's averment, which is taken as denied under Rule 8(d), there was otherwise available to it opportunity to assail the allegation as feigned or insubstantial.

The motion is denied.