**The STATE OF ILLINOIS; the Chicago Board of Education; and the County of Cook, Plaintiffs,**

v.

**CLIMATEMP, INC.; Evco Associates, Inc.; Moto Heating-Ventilating-Air Conditioning Corporation; R. A. Martin Co., Inc.; Steel City Ventilating & Sheet Metal Co.; AC Company, Wagner Heating & Ventilating Co.; Robert Irsay Co.; Crone Associates; Hunter Clark Ventilating Co.; Sheet Metal Workers, International Association, Local 73; Robert Ahrenhold; William Black; Victor Comforte; John Eiselt; Kenneth Gardner; Gideon Goldschmidt; Raymond J. Lyons; James Connor; Robert Freiny; John J. Coogan; Leonard Wendt; and Gene Bednarz, Defendants.**

No. 79 C 4898.

United States District Court, N. D. Illinois, E. D.

Aug. 20, 1981.

Earl L. Simon, Wolfe, Klein & Bonner, Aaron E. Hoffman, Freda J. Levenson, Altheimer & Gray, Chicago, Ill., for Bellis-Hanley, Inc., Stanley B. Bellis and Richard S. Wise.

Ernest J. Codilis, Jr., Oakbrook Terrace, Ill., for Admiral Htg. & Ventilating and R. Litt.

Richard L. Manning, Crowley, Fuller & Manning, Chicago, Ill., for Zack Co. and Charles L. Howard.

John E. Burke, Fred W. Mattlin, Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., for F. E. Moran, Inc.

Lawrence E. Morrissey, Lawrence E. Morrissey Ltd., Chicago, Ill., for Robert Freiny and Wagner Heating & Ventilating Co.

Gordon B. Nash, Gardner, Carton & Douglas, Chicago, Ill., Edward B. Hirshfeld, Ithaca, N. Y., for Robert Irsay Co.

Carmell & Charone, Ltd., Chicago, Ill., for Sheet Metal Workers Intl. Assoc.

Howard E. Gilbert, Michael D. Richman, Wayne S. Shapiro, Chicago, Ill., for Robert T. Irsay.

Thomas M. Genovese, Lee H. Weiner, John A. Dienner, III, Ardath A. Hamann, Stephen P. Juech, Asst. Attys. Gen., Antitrust Div., Wilbert F. Crowley, Jr., John H. Hager, Coin, Crowley, Nord & Hilliker, Chicago, Ill., for plaintiffs.

Michael B. Nash, Burke, Smith, Nash & Shea, Ltd., Chicago, Ill., for Climatemp Inc. and Victor Comforte.

Jerome H. Torshen, William McVisk, Jerome H. Torshen, Ltd., Fisher, Hassen & Fisher, Chicago, Ill., for Mellish & Murray Co. and H. James Murray.

Robert A. Simon, Kallen & Simon, Chicago, Ill., for Reliable Sheet Metal Works, Inc. and Melvin Fakter.

John D. Donlevy, Bryson P. Burnham, Mayer, Brown & Platt, Chicago, Ill., for Gideon Engineering Corp.

Michael D. Sher, Sheldon O. Collen, Stephen C. Voris, Friedman & Koven, Chicago, Ill., for Gideon Goldschmidt.

Gerald G. Saltarelli, Ronald Butler, Winston & Strawn, Chicago, Ill., for Byness, Inc. and James Connor.

Frank E. Stachyra, William J. Martin, Ltd., Chicago, Ill., for The Narowetz Co. and Robert Moon.

Robert F. Ward, Chadwell, Kayser, Ruggles, McGee & Hastings, Ltd., Chicago, Ill., for Moto Heating, Ventilating, Air Conditioning Corp.

## Memorandum

LEIGHTON, District Judge.

This cause is before the court on defendant Sheet Metal Workers International Association, Local 73's (hereinafter referred to as "Local 73") motion to dismiss the amended complaint as to it in the above-entitled cause. For the following reasons, the motion is granted.

Local 73 waived the right to submit an opening brief in support of its motion, and in lieu thereof, attached portions of a criminal transcript in *United States v. Climatemp, et al.,* 482 F.Supp. 376 (N.D.Ill.1979), a case which was premised on the same conspiracies alleged in the case at bar. The transcripts reflect that Judge Prentice H. Marshall found that the government had failed to prove a prima facie case against Local 73, and granted the association's motion for judgment of acquittal.

Plaintiffs claim that because a civil action requires a lower standard of proof than a criminal action, acquittal of a criminal defendant does not affect a subsequent civil action against it. In addition, plaintiffs argue that because the parties are not the same, there is no mutuality of estoppel, and consequently, no application of collateral estoppel may be had. Defendant Local 73's response notes that the amended complaint names it as a defendant, but contains no substantive allegations against it. Furthermore, Local 73 claims that plaintiffs can prove no set of facts that would entitle them to relief against it.

Paragraph 9 of the amended complaint merely pleads that:

Sheet Metal Workers, International Association, Local 73, is made a defendant herein. Sheet Metal Workers, International Association, Local 73, has its principal office in Chicago, Illinois, and is an affiliate of Sheet Metal Workers, International Association, whose office is located in Washington, D. C. During the period of time covered by this Complaint, Sheet Metal Workers, International Association, Local 73, provided workers in parts of the Chicago area to sheet metal contractors, including the defendant corporations.

As noted by Local 73, the criminal transcript reveals no evidence that the union benefitted from the alleged combination and conspiracy, no evidence of ratification of conduct by union officials, and no evidence that any of the union officials involved acted within the scope of their authority. According to Local 73, it could not

have benefitted from the alleged conspiracy because it provides workers to sheet metal contractors, resulting in job assignments for some union members to the exclusion of others. Finally, Local 73 argues that the difference in burden of proof requirements for civil and criminal cases is irrelevant when there is no evidence whatsoever, based on the results in the criminal case and the allegations in the civil suit's amended complaint, that Local 73 was involved in the purported sheet metal conspiracy. Unless plaintiffs can buttress their case with facts in addition to evidence presented at the criminal case, Local 73 maintains, plaintiffs can prove no set of facts which would entitle them to relief.

Finally, plaintiffs' response to Local 73's motion for summary judgment submits that the judgment of acquittal in the earlier, criminal case settles no issues in this civil suit. While plaintiffs concede that summary judgment is appropriate when pleadings, depositions, affidavits and admissions show no genuine issues of material fact, they maintain that the prior judgment of acquittal in *United States v. Climatemp, et al.,* 482 F.Supp. 376, as to Local 73 decided no issues of fact relevant to the present case, and request that the union's motion for summary judgment be denied.

This court finds that Local 73's motion for summary judgment should be granted because the union has discharged the burden of persuasion imposed on it: it has demonstrated that no evidence exists which would support a judgment for plaintiffs if the case was to go to trial. Wright & Miller, *Federal Practice and Procedure: Civil* § 2727 at 531. This court specifically notes that plaintiffs, although given ample opportunity to do so, have utterly failed to come forward and demonstrate the presence of any genuine issue of material fact which would preclude this court from granting Local 73's motion for summary judgment. Instead, plaintiffs' sole basis for objections to the motion is that the acquittal of Local 73 in the criminal case is relied on in support of the motion.

Local 73's motion for judgment of acquittal was tested according to the following standard:

> Whether at the time of the motion there was relevant evidence from which the jury could reasonably find [the defendant] guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government. . . .

*United States v. Beck,* 615 F.2d 441, 448 (7th Cir. 1980). In light of the fact that the foregoing standard is more demanding than that in civil suits, that the amended complaint does no more than name Local 73, without the benefit of substantive allegations, and that plaintiffs have failed to rebut the motion by demonstrating the presence of factual issues, defendant Local 73's motion for summary judgment in the above-entitled cause must be and the same hereby is granted.

So ordered.