**In re NORSOM MEDICAL REFERENCE LABORATORY, Debtor.**

**Bankruptcy No. 80 B 6676.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 10, 1984.

Robert A. Maloney, Chicago, Ill., for debtor.

Norman B. Newman, Lord, Bissell & Brok, Chicago, Ill., for Norman Paradise.

Joseph E. Cohen, Chicago, Ill., for trustee.

MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came before the court on the debtor's (Norsom) motion for summary judgment on its objection to a claim filed by Norman Paradise (Paradise). Having carefully considered all pleadings, memoranda, affidavits and exhibits filed in this matter and having heard oral argument, the court hereby grants Norsom's motion for summary judgment to deny Paradise's claim.

## FACTS

Paradise was a director of the debtor corporation Norsom, and had been involved with it since its formation. Paradise was involved in sales and other business activities for Norsom. Initially, a salaried officer, Paradise's compensation was later restructured. That change in compensation is the basis for the present dispute. Norsom contends that Paradise's salary was reduced from $34,000 per year to $24,000 per year because Norsom was experiencing financial difficulty. Paradise testified at his deposition that a meeting was called for the purpose of discussing those difficulties and that it was agreed that his salary be reduced and that he receive commissions on new business which he generated for Norsom. Thereafter, Paradise received paychecks from Norsom which were equal in amount and aggregated $24,000 per year. Norsom filed its Chapter 11 petition in May of 1980. Premised upon his claim to commission, Paradise filed a claim against the estate in the amount of $6,000.00.

Paradise has introduced no documents which directly support his claim that an agreement to pay commissions was arrived at. No corporate records have been introduced which indicate the existence of a commission agreement or amounts due Paradise under such an agreement. Paradise has merely provided the court with a list of files forwarded by a former Norsom attorney which included an entry captioned "Norman Paradise re: New contract with Medi-Labs." Also before the court are handwritten notes which Paradise alleges form the basis for his claim against Norsom. However, Paradise stated at his deposition that those notes were made after the Chapter 11 petition was filed. No contemporaneous memoranda or notes made prior to filing are before the court.

Regarding the meeting at which the alleged agreement to pay commissions was reached, Paradise does not recall who stated that he would be paid commissions. He testified that there was a "general discussion" on the subject, and that an agreement was reached. Other than the percentage rate of commission, Paradise recalled none of the terms of that agreement. Two other officers of Norsom who were present at that meeting have, by affidavit, denied making any such representations. In a responsive affidavit, Paradise stated that the representation was made by one of the parties, although he does not recall which one.

Paradise alleges that the meeting occurred early in 1978. Norsom alleges that the meeting occurred in late 1978 or early 1979. There is no showing of a salary reduction early in 1978. Conversely, the reduction apparently occurred in late 1978 or early 1979.

Thus the question which the court must resolve is whether there remains for trial a genuine issue of material fact as to whether an agreement was reached under which the claimant is entitled to a $6,000 claim against Norsom for commissions.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure made applicable by Rule 9014 through Rule 3007 of the Rules of Bankruptcy Procedure, provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of showing that there is no genuine issue of material fact is on the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

■ Where a party's affidavits and deposition testimony conflict, the question arises whether the conflict, in itself, creates a genuine issue of material fact. Several rules have evolved to guide court in that situation. First, a witness' affidavit may not be excluded because it conflicts with his deposition. *Camerlin v. New York Central Railroad Co.*, 199 F.2d 698 (1st Cir.1952). However, because cross-ex-

amination of an affiant is impossible, where there is conflict, a deposition is generally given more weight than an affidavit. *Shearer v. Homestake Mining Co.,* 557 F.Supp. 549 (D.S.D.1983).

█ Further, a genuine issue of material fact may not be created for summary judgment purposes merely by sworn statements which conflict with deposition testimony. *U.S. v. Dercacz,* 530 F.Supp. 1348 (E.D.N.Y.1982). Even though a party opposing a summary judgment motion submits an affidavit which contradicts his deposition testimony, summary judgment may be granted based upon the deposition testimony if the court is satisfied that the issue created by the affidavit is not genuine. *Shearer v. Homestake Mining Co.,* 557 F.Supp. 549 (D.S.D.1983). A case must go to trial unless it appears that the party opposing the motion cannot prevail in any event. Where parties cannot establish the existence of substantial competent evidence to support the allegations or denials thereby indicating a genuine issue of fact, the court may summarily determine the issue on the law. *Griffith v. William Penn Broadcasting Co.,* 4 F.R.D. 475, 477 (E.D. Pa.1945); *Illinois v. Climatemp, Inc.,* 91 F.R.D. 252, 254 (N.D.Ill.1981).

█ In the present case, there is no genuine issue of material fact as to whether an agreement to pay commissions existed. This is a case in which the claimant simply has not established the existence of substantial competent evidence to support the allegations. *Id.* There has been no showing of the existence of such an agreement. No documents have been presented which demonstrate the existence of an agreement. Apparently there were no contemporaneous memoranda. The notes relied upon as embodying the commission agreement were admittedly prepared after the filing of the Chapter 11 petition. Further, by Paradise's own testimony, he did not recall who made statements regarding the commissions or what was said. The other corporate officers have by deposition and affidavit denied the making of any agreement. The corporate records reflect no commission agreement. Additionally, Paradise's regular checks from Norsom were in 11 equal installments. The most reasonable (although not the only) inference to be drawn from that fact is that Paradise was being paid a salary. No convincing evidence directly supporting the existence of an agreement has been submitted. The court has received only Paradise's allegation that such an agreement existed.

In his response to the summary judgment motion, Paradise appears to assert that he behaved in reliance on a commission agreement and that his behavior creates an issue of fact as to whether there was an agreement. The court notes that there is authority for the proposition that conduct of parties with reference to an alleged contract may be considered in determining whether such a contract existed. *E.g., Newburgh v. Florsheim Shoe Co.,* 200 F.Supp. 599 (D.Mass.1961). However, no authority has been cited in support of the proposition that an issue of material fact is created by the mere allegation that a party behaved in a given way only because of the existence of an alleged contract. Subsequent actions alleged by affidavit do not create a genuine issue of material fact as to whether an agreement existed.

Paradise also asserts that since the time of the meeting is in dispute, there is a genuine issue of material fact which requires trial. The court disagrees. The time of the meeting is not material to the issue of whether an agreement existed. He argues that an earlier meeting date buttresses the inference that he accepted the salary decrease in reliance on the fact that he would be receiving commissions. But even if Paradise's contention that the meeting took place in early 1978 were true, his own deposition testimony indicates there was merely a "general discussion." When questioned at deposition regarding material terms of the purported agreement, Paradise did not recall those terms. Although Paradise has submitted a list of files from Norsom's former attorney which suggest that the topic was discussed, the scant information contained in those docu-

ments is not sufficient to create a genuine factual issue as to whether an agreement was arrived at.

Paradise's final suggestion is that records which would tend to show that an agreement existed were improperly destroyed. The transcript of a corporate meeting on March 16, 1983 which has been presented by Norsom and not disputed by Paradise indicates that corporate records were discussed and little concern shown by Paradise for those records. Moreover, destruction of corporate records under circumstances presented here is not a fact from which the court can infer contents thereof.

In the present case, there is no evidence, beyond bald allegations, that an agreement to pay Paradise commissions ever existed. Although Paradise has, at various times, alluded to records which demonstrate that a commission agreement existed, he has brought none before the court. Moreover, he has submitted an affidavit which contradicts his deposition in various ways. The court is obligated to weigh the deposition testimony more heavily. For the above reasons, Norsom has demonstrated that there remains no genuine issue of material fact which should be determined at a trial. There has been no showing that substantial competent evidence exists to support the denials. The court therefore has determined the issue on the law.

Therefore, the court grants Norsom's motion for summary judgment on its objection to the claim of Norman Paradise. That claim is hereby denied.