**DARDANELL COMPANY TRUST, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. Civ. 6–85–246.

United States District Court, D. Minnesota, Third Division.

March 21, 1986.

John R. Koch, Reichert, Wenner, Koch & Provinzino, St. Paul, Minn., for plaintiff.

Beth A. Sabbath, Trial Atty., Washington, D.C., Carol B. Swanson, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

## ORDER

DEVITT, Senior District Judge.

In this quiet title action the plaintiff questions the validity of nominee liens filed against some of its property by the United States pursuant to I.R.C. § 6321. The government contends that taxpayers John A. and Angela Ellering fraudulently transferred the subject property to plaintiff, a Minnesota business trust, in order to avoid paying their income tax liability. Before the court is the government's motion for summary judgment.

Oral arguments were heard on the government's motion on February 24, 1986. Beth Ann Sabbath, Esq., trial attorney for the Tax Division of the United States Department of Justice, appeared for the defendant. John R. Koch, Esq. appeared for the plaintiff. Because plaintiff submitted a tardy response to the defendant's motion, the government requested, and was granted, one week to submit a reply memorandum. This reply memorandum, as well as the parties' original memoranda and documentation, is now before the court.

On November 17, 1982 taxpayers John A. and Angela Ellering, husband and wife, transferred two parcels of real property to plaintiff Dardanell Company Trust. The transfers were accomplished by two quit claim deeds which were duly recorded in the Stearns County, Minnesota recorder's office. At the time of the transfers, the Ellerings had unpaid income tax obligations for the years 1977 through 1980.

■ After the Ellerings' income tax liabilities were assessed,[1] the federal government filed nominee liens against the property which the Ellerings had transferred to plaintiff. Plaintiff has sued to quiet title to the property.

It is the government's position, and the basis of its summary judgment motion, that the Ellerings' transfers to plaintiff were fraudulent and, as a matter of law, should be set aside. *See* Minn.Stat. §§ 513.20–.32 (1984) (Minnesota's uniform fraudulent conveyance act).

Minn.Stat. § 513.23 (1984) provides:

Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

Minn.Stat. § 513.28 (1984) provides:

(1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may ...:

(a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

(b) Disregard the conveyance and attach or levy execution upon the property conveyed.

. . . .

■ There is no dispute that the transfers involved were made for less than fair consideration. Mr. Ellering testified that he received "nothing" in return for transferring the property to Dardanell Company Trust. Transcript of Deposition of John A. Ellering taken November 26, 1985, at 11, lines 16–18. Mrs. Ellering testified that she received only trust certificates in exchange for the transfers. Transcript of Deposition of Angela Ellering taken January 9, 1986, at 10, lines 12–27. Since by their own terms these certificates granted the bearer no legally recognized interests or rights, they are of little or no value. Finally, the quit claim deeds themselves recite that "the total consideration for the transfer of [each] property is $1,000 or less." The properties had a tax valuation of $59,800 in 1982.

There being inadequate consideration for the transfers, the question becomes whether the Ellerings were rendered insolvent within the meaning of the uniform fraudulent conveyance act.

■ Until the government brought its motion for summary judgment, there had been no question that the Ellerings were rendered insolvent as a result of the transfers. In his deposition Mr. Ellering testified that at the time of the transfers he owned "nothing" besides the property transferred. When asked what else his wife owned at the time of the transfers, he testified "Nothing I know of." Transcript of Deposition of John A. Ellering, taken

---

**1.** Plaintiff attempts to raise a fact issue by collaterally attacking the amount of the assessments against the Ellerings. This is neither the time nor the place—nor is plaintiff the appropriate party—to raise this issue. *Aqua Bar &*

*Lounge v. United States,* 539 F.2d 935, 938 (3rd Cir.1976); *United States v. Strebler,* 313 F.2d 402, 403 (8th Cir.1963). The Ellerings had several occasions and methods to contest the assessments and chose not to pursue them.

November 26, 1985, at 11, lines 8–15. Mrs. Ellering's deposition testimony was similar. *See* Transcript of Deposition of Angela Ellering taken January 9, 1986, at 9, lines 28 and 29. The Internal Revenue Service was unable to locate sufficient income or assets after the transfers to fully satisfy the Ellerings' tax liabilities. Declaration of Alfred Cleland, Clerk's Entry No. 18, at paragraph 25.

In response to the government's motion for summary judgment, however, Mr. and Mrs. Ellering filed a joint affidavit stating that they had retained assets with a market value of $100,500 at the time of the transfers. Clerk's Entry No. 44. This affidavit obviously contradicts their earlier testimony and, in plaintiff's opinion, raises a fact issue precluding summary judgment. Mr. and Mrs. Ellering, however, offer no substantiation for the conclusory statements in their affidavit.[2]

A similar issue was considered in *In re Norsom Medical Reference Laboratory, Debtor,* 41 B.R. 846 (Bankr.N.D.Ill.1984). When faced with an affidavit filed in opposition to a summary judgment motion and contradicting earlier deposition testimony, the court disregarded the affidavit and granted summary judgment. In so holding, the court noted the dearth of evidence supporting the "bald allegations" in the affidavit and reasoned as follows:

Where a party's affidavits and deposition testimony conflict, the question arises whether the conflict, in itself, creates a genuine issue of material fact. Several rules have evolved to guide [the] court in that situation. First, a witness' affidavit may not be excluded because it conflicts with his deposition. *Camerlin v. New York Central Railroad Co.,* 199 F.2d 698 (1st Cir.1952). However, because cross-examination of an affiant is impossible, where there is conflict, a deposition is generally given more weight than an affidavit. *Shearer v. Homestake Mining Co.,* 557 F.Supp. 549 (D.S. D.1983).

*Further, a genuine issue of material fact may not be created for summary judgment purposes merely by sworn statements which conflict with deposition testimony. U.S. v. Dercacz,* 530 F.Supp. 1348 (E.D.N.Y.1982). Even though a party opposing a summary judgment motion submits an affidavit which contradicts his deposition testimony, summary judgment may be granted based upon the deposition testimony if the court is satisfied that the issue created by the affidavit is not genuine. *Shearer v. Homestake Mining Co.,* 557 F.Supp. 549 (D.S.D.1983). A case must go to trial unless it appears that the party opposing the motion cannot prevail in any event. Where parties cannot establish the existence of substantial competent evidence to support the allegations or denials thereby indicating a genuine issue of fact, the court may sum-

---

**2.** The Ellerings' affidavit identifies three classes of property retained after the transfers: life insurance, stock and miscellaneous personal property. There is a listing of assets within each classification, but no assignment of values to any classification or individual asset. Rather, the Ellerings simply claim that "the estimated market value of our assets ... on November 17, 1982 was $100,500.00."

The Ellerings' two life insurance policies were levied upon by the Internal Revenue Service and surrendered for their cash value, a total of $6,665.00. What appears to have been the Ellerings' major personal asset, Patrons' Equity Credits at the First District Association for Litchfield, Minnesota, was also levied upon and sold by the Internal Revenue Service. Despite the Ellerings' claim that these credits had a value of $51,948.53, they were sold at a public sale on July 18, 1983 for $15,110.00. The proceeds of the sale and surrender were insufficient to satisfy the Ellerings' outstanding tax liability. The stock which the Ellerings claim to own is issued by the following corporations: Criton Corporation, Donovon Companies, Wylan, Inc., Health Techna Corporation and Grain Belt Breweries, Inc. The Ellerings submit no proof of ownership, no proof of the number of shares owned, and no proof of the value of their portfolio.

The miscellaneous personal property claimed by the Ellerings, with the exception of the equity credits which have already been sold, consists mostly of standard household goods and appliances. The Ellerings submit no proof of the value of the claimed personal property.

marily determine the issue on the law. *Griffith v. William Penn Broadcasting Co.*, 4 F.R.D. 475, 477 (E.D.Pa.1945); *Illinois v. Climatemp, Inc.*, 91 F.R.D. 252, 254 (N.D.Ill.1981).

*Norsom Medical*, 41 B.R. at 847–48 (emphasis added). Under the facts and circumstances of this case, and with particular notice given to the fact that the Ellerings' affidavit is wholly unsupported by competent evidence, the court adopts and follows Judge Eisen's well reasoned opinion in *Norsom Medical*. Finding that the Ellerings' joint affidavit incredible and filed merely as an attempt to create a fact issue, the court disregards the affidavit and grants the government's motion for summary judgment.

■ In fairness, however, the court feels that the Ellerings should be given an opportunity to offer evidence supporting their joint affidavit. The entry of summary judgment shall be stayed for ten days during which the Ellerings may file evidence in compliance with the following order.

Based upon the foregoing, the arguments and memoranda of counsel, and all of the files, records and proceedings in the case,

IT IS ORDERED:

1. Defendant's motion for summary judgment is GRANTED.

2. Entry of summary judgment in favor of the government shall be stayed for ten days.

3. During the ten day stay John A. Ellering and Angela Ellering may, if they choose, file with the court competent evidence which supports the assertions made in their joint affidavit dated February 19, 1986 and docketed at Clerk's Entry No. 41. Evidence concerning the cash values of the Ellerings' life insurance policies and equity credits may not be submitted since the value of these assets has already been established by public sale.

4. Evidence concerning stock ownership and valuation shall consist of the following:

a. Copies of share certificates, evidencing ownership on the date of the transfers, November 17, 1982, if the shares are held by the Ellerings. If the shares are held in street name, a recognized broker's statement may be filed. The statement shall evidence share ownership on the date of the transfers, November 17, 1982. If the shares have been sold since the transfers, the sworn statement of the stock broker or transfer agent who handled the sale may be substituted.

b. A sworn statement of a licensed stock broker stating the value of the publicly traded securities on November 17, 1982.

c. If any of the securities were not publicly traded on a recognized exchange, the valuation of the securities may be established by the sworn statement of a licensed certified public accountant who is familiar with the issuing corporation. A copy of the issuing corporation's next statement to shareholders after November 17, 1982 shall accompany the accountant's statement.

5. Evidence of the ownership and valuation of the Ellerings' miscellaneous personal property shall consist of sworn statements by three independent and licensed property appraisers.

6. Should the Ellerings fail to provide the court with competent evidence which supports the assertions in their joint affidavit dated February 19, 1986, the court shall, *sua sponte*, award the government appropriate sanctions pursuant to Fed.R. Civ.P. 56(g).